UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Pamela C. Whitley, as Personal Representative of the Estate of Scott Whitley, III, on behalf of the Estate, and Scott L. Whitley, Jr. and Margaret M. Whitley, survivors,

    Plaintiff,

v.                                             CASE NO. 5:23-cv-00684-JSM-PRL

Billy Woods, in his official capacity as Sheriff of Marion County, Florida, *et al.*,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 8, *Federal Rules of Civil Procedure*, Defendants BILLY WOODS, AS SHERIFF OF MARION COUNTY, FLORIDA, CAPTAIN ROBERT ANDREW WALTERS, SERGEANT ASHLEIGH SNODGRASS, CORPORAL ARNAULT CANELLE, CORPORAL JORDAN ORTEGA, DEPUTY CARL HOLMER, DEPUTY CHRISTOPHER KRISTENSEN, DEPUTY XAVIER MCMILLER, DEPUTY DEMONTRA SMITH, and DEPUTY SA'QUAN WYMAN (hereinafter "Defendants") answer the numbered paragraphs of the Complaint and assert affirmative defenses as follows:

## JURISDICTION AND VENUE

1. The allegations of paragraph 1 are admitted.

2. It is admitted Plaintiff brings claims pursuant to the Constitution and federal statutes as stated; it is denied she has a claim.

3. It is admitted Plaintiff brings claims pursuant to the federal statutes as stated; it is denied she has a claim.

4. It is admitted this Court has supplemental jurisdiction over the state law claims; it is denied Plaintiff has a claim.

5. The allegations of paragraph 5 are admitted.

6. The allegations of paragraph 6 are denied.

## PARTIES

7. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 7.

8. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 8.

9. It is admitted a personal representative may recover on behalf of the persons noted; Defendants are without knowledge as to, and therefore deny the allegations pertaining to Plaintiff being the personal representative.

10. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 10.

11. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 11.

12. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 12.

13. The allegations of paragraph 13 are admitted.

14. The allegations of paragraph 14 are admitted.

15. It is admitted that Billy Woods was Sheriff of Marion County, Florida, at all times relevant, and that Sheriff Woods is a constitutional officer. The remaining allegations of paragraph 12 are denied.

16. The allegations of paragraph 16 are admitted.

17. It is admitted Plaintiff seeks to sue Defendant Walters in his individual capacity. The remaining allegations of paragraph 17 are denied.

18. It is admitted that any action taken by Defendant Walters relevant to the events in this lawsuit were taken within the course and scope of his employment with the Marion County Sheriff's Office and under color of law.

19. It is admitted Plaintiff seeks to sue Defendant Snodgrass in her individual capacity. The remaining allegations of paragraph 19 are denied.

20. It is admitted that any action taken by Defendant Snodgrass relevant to the events in this lawsuit were taken within the course and scope of her employment with the Marion County Sheriff's Office and under color of law.

21. It is admitted Plaintiff seeks to sue Defendant Canelle in his individual capacity. The remaining allegations of paragraph 21 are denied.

22. It is admitted that any action taken by Defendant Canelle relevant to the events in this lawsuit were taken within the course and scope of his employment with the Marion County Sheriff's Office and under color of law.

23. It is admitted Plaintiff seeks to sue Defendant Ortega in his individual capacity. The remaining allegations of paragraph 23 are denied.

24. It is admitted that any action taken by Defendant Ortega relevant to the events in this lawsuit were taken within the course and scope of his employment with the Marion County Sheriff's Office and under color of law.

25. It is admitted Plaintiff seeks to sue Defendant Holmer in his individual capacity. The remaining allegations of paragraph 25 are denied.

26. It is admitted that any action taken by Defendant Holmer relevant to the events in this lawsuit were taken within the course and scope of his employment with the Marion County Sheriff's Office and under color of law.

27. It is admitted Plaintiff seeks to sue Defendant Kristensen in his individual capacity. The remaining allegations of paragraph 27 are denied.

28. It is admitted that any action taken by Defendant Kristensen relevant to the events in this lawsuit were taken within the course and scope of his employment with the Marion County Sheriff's Office and under color of law.

Case 5:23-cv-00684-JSM-PRL   Document 9   Filed 12/27/23   Page 5 of 17 PageID 78

29. It is admitted Plaintiff seeks to sue Defendant McMiller in his individual capacity. The remaining allegations of paragraph 29 are denied.

30. It is admitted that any action taken by Defendant McMiller relevant to the events in this lawsuit were taken within the course and scope of his employment with the Marion County Sheriff's Office and under color of law.

31. It is admitted Plaintiff seeks to sue Defendant Smith in his individual capacity. The remaining allegations of paragraph 31 are denied.

32. It is admitted that any action taken by Defendant Smith relevant to the events in this lawsuit were taken within the course and scope of his employment with the Marion County Sheriff's Office and under color of law.

33. It is admitted Plaintiff seeks to sue Defendant Wyman in his individual capacity. The remaining allegations of paragraph 33 are denied.

34. It is admitted that any action taken by Defendant Wyman to the events in this lawsuit were taken within the course and scope of his employment with the Marion County Sheriff's Office and under color of law.

35. The allegations of paragraph 35 are denied.

36. The allegations of paragraph 36 are denied.

37. Defendants are without knowledge as to any agreement between Plaintiff and her counsel. It is denied that Defendants should be liable to Plaintiff for any fees or costs.

5

## **FACTUAL ALLEGATIONS**

38. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 38.

39. The allegations of paragraph 39 are denied.

40. It is admitted Marion County Sheriff's deputies had contact with Scott Whitley III in August 2021 and that he was transported to a hospital pursuant to the Baker Act. The remaining allegations of paragraph 40 are denied.

41. It is admitted Marion County Sheriff's deputies had contact with Scott Whitley III in June 2022 and that he was transported to a facility for treatment pursuant to the Baker Act. The remaining allegations of paragraph 41 are denied.

42. The allegations of paragraph 42 are denied.

43. It is admitted that Marion County Sheriff's deputies attempted to serve an injunction on the Plaintiff's decedent on November 16, 2022. The remaining allegations of paragraph 43 are denied.

44. It is admitted that Scott Whitley III did not comply with lawful commands given by deputies and that he was arrested and charged with resisting arrest and booked into the Marion County Jail. The remaining allegations of paragraph 44 are denied.

45. The allegations of paragraph 45 are denied.

46. It is admitted Scott Whitley III forced his way out of a jail cell requiring action by deputies. The remaining allegations of paragraph 46 are denied.

47. It is admitted Scott Whitley III forced his way out of a jail cell requiring action by deputies. The remaining allegations of paragraph 47 are denied.

48. It is admitted that Scott Whitley III was held in administrative confinement. The remaining allegations of paragraph 48 are denied.

49. It is admitted that detention deputies attempted to conduct a routine cell inspection of Scott Whitley's cell on the morning of November 25, 2022. The remaining allegations of paragraph 49 are denied.

50. It is admitted that the floor of Scott Whitley's cell was wet and slippery on the morning of November 25, 2022. The remaining allegations of paragraph 50 are denied.

51. It is admitted that Scott Whitley did not comply with directives of the detention deputies on the morning of November 25, 2022, and that they moved on to other cells before returning to his. The remaining allegations of paragraph 51 are denied.

52. It is admitted that detention deputies returned to Scott Whitley's cell and that he again failed to comply with the orders of detention deputies. The remaining allegations of paragraph 52 are denied.

53. It is admitted that Scott Whitley went to the far side of the cell. The remaining allegations of paragraph 53 are denied.

54. The allegations of paragraph 54 are denied.

55. The allegations of paragraph 55 are denied.

56. The allegations of paragraph 56 are denied.

57. The allegations of paragraph 57 are denied.

58. The allegations of paragraph 58 are denied.

59. The allegations of paragraph 59 are denied.

60. The allegations of paragraph 60 are denied.

61. It is admitted that handcuffs, leg shackles, and a spit guard were placed on the Plaintiff's decedent. The remaining allegations of paragraph 61 are denied.

62. The allegations of paragraph 62 are denied.

63. It is admitted that CPR was performed, that the AED was utilized, and that Scott Whitley III was transported to the hospital where he died. The remaining allegations of paragraph 63 are denied.

64. The allegations of paragraph 64 are denied.

## COUNT I
## Wrongful Death
### (against Sheriff Woods)

65. It is admitted Plaintiff brings Count I against Sheriff Billy Woods in his official capacity; it is denied she has a claim.

66. It is admitted Plaintiff brings Count I pursuant to the Florida Wrongful Death Act; it is denied she has a claim.

67. The allegations of paragraph 67 are denied.

68. It is admitted that all individual defendants were acting within the course and scope of their employment and that, if any negligence occurred, Sheriff Woods is vicariously liable for said negligence. The remaining allegations of paragraph 68 are denied.

69. It is admitted that Sheriff Woods owes a duty to inmates as provided for by statute and caselaw interpreting the same. The remaining allegations of paragraph 69 are denied.

70. The allegations of paragraph 70 are denied.

71. The allegations of paragraph 71 are denied.

72. The allegations of paragraph 72 are denied.

73. The allegations of paragraph 73 are denied.

## COUNT II
## 42 U.S.C. § 1983
## (against Sheriff Woods)

74. It is admitted that pretrial detainees are guaranteed rights by the Fourteenth amendment as delineated by caselaw interpreting the same. The remaining allegations of paragraph 74 are denied.

75. The allegations of paragraph 75 are denied.

76. The allegations of paragraph 76 are denied.

77. The allegations of paragraph 77 are denied.

78. The allegations of paragraph 78 are denied.

79. The allegations of paragraph 79 are denied.

80. The allegations of paragraph 80 are denied.

81. The allegations of paragraph 81 are denied.

82. Defendants are without knowledge as to any agreement between Plaintiff and her counsel. It is denied that Defendants should be liable to Plaintiff for any fees or costs.

## COUNT III
### Violation of 42 U.S.C. § 12131, *et seq* & 29 U.S.C. §§ 791-94
**(against Sheriff Woods)**

83. It is admitted Plaintiff seeks to bring claims against Sheriff Billy Woods in his official capacity pursuant to the federal statutes enumerated; it is denied she has a claim.

84. The allegations of paragraph 84 are denied.

85. The allegations of paragraph 85 are denied.

86. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 86.

87. The allegations of paragraph 87 are denied.

88. The allegations of paragraph 88 are denied.

89. The allegations of paragraph 89 are denied.

90. The allegations of paragraph 90 are denied.

91. The allegations of paragraph 91 are denied.

92. The allegations of paragraph 92 are denied.

93. The allegations of paragraph 93 are denied.

94. The allegations of paragraph 94 are denied.

95. The allegations of paragraph 95 are denied.

96. The allegations of paragraph 96 are denied.

97. The allegations of paragraph 97 are denied.

98. Defendants are without knowledge as to any agreement between Plaintiff and her counsel. It is denied that Defendants should be liable to Plaintiff for any fees or costs.

## COUNT IV
## Violation of 42 U.S.C. § 1983: Excessive Use of Force
**(against Ortega, Kristensen, Canell, Holmer, McMiller & Smith)**

99. The allegations of paragraph 99 are denied.

100. The allegations of paragraph 100 are denied.

101. The allegations of paragraph 101 are denied.

102. The allegations of paragraph 102 are denied.

103. The allegations of paragraph 103 are denied.

104. The allegations of paragraph 104 are denied.

105. Defendants are without knowledge as to any agreement between Plaintiff and her counsel. It is denied that Defendants should be liable to Plaintiff for any fees or costs.

## COUNT V
### Violation of 42 U.S.C. § 1983: Liability
### (against Walters & Snodgrass)

106. The allegations of paragraph 106 are denied.

107. The allegations of paragraph 107 are denied.

108. The allegations of paragraph 108 are denied.

109. The allegations of paragraph 109 are denied.

110. The allegations of paragraph 110 are denied.

111. The allegations of paragraph 111 are denied.

112. Defendants are without knowledge as to any agreement between Plaintiff and her counsel. It is denied that Defendants should be liable to Plaintiff for any fees or costs.

## COUNT VI
### Violation of 42 U.S.C. § 1983: Failure to Intervene
### (against Kristensen, Cannelle, Holmer, McMiller, Smith & Wyman)

113. The allegations of paragraph 113 are denied.

114. The allegations of paragraph 114 are denied.

115. The allegations of paragraph 115 are denied.

116. Defendants are without knowledge as to any agreement between Plaintiff and her counsel. It is denied that Defendants should be liable to Plaintiff for any fees or costs.

## GENERAL DENIAL

Any allegation not specifically admitted herein is denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action or claim upon which relief can be granted. At worst, the conduct by Defendants was negligent and is insufficient to state a cause of action against them under Florida law or a claim for relief pursuant to the Fourth Amendment, federal statutes, or 42 U.S.C. §1983. Plaintiff further fails to allege the requisite facts to overcome the qualified immunity of the individual defendants.

2. Plaintiff has failed to satisfy all conditions precedent required to bring this action.

3. Under the facts of this case the Plaintiff's decedent did not suffer a constitutional deprivation.

4. At all times, Defendants acted within the course and scope of their duties as law enforcement officers with the Marion County Sheriff's Office and under color of law.

5. The actions of Defendants were authorized by Florida Statutes, federal law, and/or were for a lawful purpose.

6. The actions taken by Defendants were for the protection of the decedent, of themselves, of others, and/or to protect the community.

7. All actions taken by Defendants were conducted in the objectively reasonable belief that their actions were necessary, legal, and proper under the factual circumstances confronting them at the time.

8. While continuing to deny any and all liability, to the extent that the Complaint is attempting to assert a claim against the Defendants individually based upon an alleged violation of 42 U.S.C. Section 1983, the actions of Defendants can properly be construed as reflecting, at most, nothing worse than mere negligence, and as such cannot form the basis for the imposition of liability against Defendants under either Federal or State law and fails to state a claim for violation of an individual's civil or constitutional rights.

9. The actions of all Defendants and Sheriff employees were in good faith and without malice, and were further based on such facts and circumstances as to give them reasonable cause to believe that their actions were warranted. Defendants reasonably believed that the actions they took with respect to the Plaintiff's decedent were based on reasonable cause and not in violation of the Constitution or federal law.

10. All actions taken by Defendants and all Sheriff employees were in good faith, were authorized by Florida Statutes, and/or conformed to

established, reasonable, and generally accepted detention and corrections practices. At no time did Defendants take any action towards Plaintiff's decedent with malice or in reckless disregard of his rights.

11. Any and all force used by any Defendant was in good faith, was authorized by state and federal law, and/or conformed to established, reasonable, and generally accepted detention and corrections practices. If any action was in violation of a constitutional or federal statutory right, there was no clearly established law putting any Defendant on notice that his or her actions violated the law and as such, they are entitled to qualified immunity.

12. Defendants, in their individual capacities, are immune from liability based upon the doctrine of qualified immunity, in that their actions were undertaken in good faith; were authorized by state and federal law and/or conformed to established, reasonable, and generally accepted detention and corrections practices; were objectively and legally reasonable under the circumstances at the time and under the circumstances confronting them; and that their utilization of force complied with "clearly established" federal and other laws in effect at the time of which a reasonable person or officer would have known and be expected to apply in a factually similar context.

13. Defendants took no actions that constituted deliberate indifference to the constitutional rights of the Plaintiff's decedent.

14. The Sheriff has enacted policies and procedures to ensure against the violation of constitutional rights and has diligently enforced those policies and procedures. Sheriff Woods had no policy, custom, or practice which was the cause of the death of Scott Whitley III or any alleged constitutional or statutory violation.

15. Plaintiff's damages, if any, are limited by the provisions of Section 768.28, Florida Statutes.

16. Plaintiff's claims for punitive damages should be stricken as Plaintiff's allegations are insufficient to state a claim therefor. *See Perera-Gonzalez v. Rodriguez,* 20-23973-CIV, 2021 WL 2012403, at *4 (S.D. Fla. May 20, 2021). Furthermore, Sheriff Woods cannot be liable for punitive damages as a matter of law.

17. Plaintiff's damages should be reduced by any amounts received or available to be received from collateral sources or as otherwise allowed by applicable law.

18. Should all claims arising under federal law be dismissed or judgment entered in favor of Defendants, this Court will be devoid of subject matter jurisdiction as to all surviving claims and the matter should be subject to dismissal from federal court.

Respectfully submitted this 27th day of December 2023.

*/s/ Gwendolyn P. Adkins*



Gwendolyn P. Adkins, (FBN: 0949566)
gadkins@coppinsmonroe.com
jclark@coppinsmonroe.com
kwillis@coppinsmonroe.com

COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
Office: 850-422-2420 ׀ Fax: 850-422-2730

ATTORNEYS FOR DEFENDANTS
.

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

*s/ Gwendolyn P. Adkins*
Attorney

17