UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAMELA C. WHITLEY,

    Plaintiffs,

v.                                    Case No. 5:23-cv-00684-JSM-PRL

BILLY WOODS, ET AL.,

    Defendants.

_____

### Uniform Case Management Report

    The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 1/10/2024. James Slater, Michael Levine, and Gwendolyn Adkins attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 1/31/2024 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 3/29/2024 |

| | | |
|---|---|---|
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).   Plaintiff | | 7/12/2024 |
| Defendant | | 8/16/2024 |
| Rebuttal | | 9/13/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 10/18/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 11/22/2024 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.  Enter mediator's name, address, and phone number. | | 1/31/2025 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 3/14/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 3/28/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 4/14/2025 |
| Month and year of the trial term. | | May 2025 |

The trial will last approximately 5-7 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

   **Plaintiff, as personal representative of the Estate of Scott L. Whitley, III, brings this lawsuit on behalf of the estate and Mr. Whitley's survivors for Mr. Whitley's wrongful death and violations of the Fourteenth Amendment and Americans with Disabilities Act/Rehabilitation Act against Sheriff Billy Woods and his detention deputies at the Marion County Jail.**

2

**Defendants deny any wrongdoing and defend the claims against them on the basis of Plaintiff's failure to state claims for relief, good faith, qualified immunity, and other bases set forth in their affirmative defenses or to be asserted through discovery and dispositive motions.**

4. **Disclosure Statement**

    ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

    ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

    > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
    >
    > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

    ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

    ☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

    ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

    ☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

3

8. **Discovery Practice**

   > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

   ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☒ Yes.
      ☐ No; instead, the parties agree to these changes: enter changes.

   B. Discovery may be needed on these subjects:

      Plaintiff: Discovery will be needed as to Mr. Whitley's inmate files, grievance and appeal records, housing logs, medical records, personnel records of the medical and corrections staff involved, policy and training records, including training course materials, policies and practices of the jail relating to housing inmates and detainees with disabilities and mental health conditions, and any other records relating to the parties' claims and defenses, including communications relating to Mr. Whitley.

      Defendants: Discovery should be limited to the claims at issue and not as broadly as stated by Plaintiff. It will be needed on the decedent's mental and physical health as well as all aspects of damages claimed by the Personal Representative on behalf of the Estate and any survivors.

   C. Discovery should be conducted in phases:

      ☒ No.
      ☐ Yes; describe the suggested phases.

   D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☒ Yes; describe the issue(s).
Plaintiff requests the following: that electronic records should be produced, to the extent possible or reasonably practicable, in native format with a load file that defines document breaks, attachments, and metadata; to the extent possible or reasonably practicable, emails and word-processing documents should be produced in their native format and in TIFF format, with metadata and text-searchable information extracted from the native file and produced as fielded metadata with custodian or source information, MD-5 hash values, title, creation dates, and page counts; to the extent possible or reasonably practicable, emails should maintain family relationships among email and attachments, and the metadata should include subject, from, to, copyees, blind copyees, date sent, time sent, MD-5 hash value, begin attachment, and end attachment. Otherwise, records should be produced as maintained in the ordinary course of business.

The parties agree that any special viewing software necessary for video or audio will be provided with the video or audio files. The parties agree to request and respond to discovery by email and specifically consent to email service in this case provided it is served on all persons registered for electronic court filing in this case; documents will be provided by email and standard electronic record transfer services to the extent possible.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

*/s/ James M. Slater*
James M. Slater
Attorney for Plaintiff
1/11/2024

*/s/ Gwendolyn P. Adkins*
Gwendolyn P. Adkins
Attorney for Defendants
1/11/2024

*/s/ Michael E. Levine*
Michael E. Levine
Attorney for Plaintiff
1/11/2024